UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

JS - 6

Case No. SACV 10-1320 DOC (MLGx)                              Date: November 10, 2010

Title: JAMES E. GRIMES v. BAC HOME LOANS SERVICING LP, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING MOTION TO DISMISS

      Before the Court is a Motion to Dismiss filed by Defendants BAC Home Loans Servicing, Bank of New York Mellon, and Recontrust Company, N.A. ("Defendants") in the above-captioned case ("Motion") (Docket 5). After considering the moving, opposing and replying papers thereon, and for the reasons set forth below, the Court hereby GRANTS the Motion.

      **I.    BACKGROUND**

      Plaintiff James E. Grimes ("Plaintiff") alleges ownership of real property located at 19185 Palm Vista, Yorba Linda, California 92866 ("Subject Property"). Compl., ¶ 3. This case arises from a dispute over allegedly wrongful foreclosure proceedings conducted by Defendants on the Subject Property.

      On September 1, 2010, Plaintiff filed the instant complaint in federal court, alleging a single cause of action for "Declaratory Relief and Stay From Foreclosure." *Id*., ¶¶ 20-27. Prior to filing in federal court, Plaintiff filed a state court action on August 6, 2010, asserting a claim to quiet title with respect to the Subject Property. Exh. A., Def.'s Request for Judicial Notice ("RJN").[1] The

---

[1] In general, a court cannot consider materials outside the pleadings on a motion to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b). A court may, however,

state and federal actions rest on substantially identical allegations and each concern Defendants' authority to foreclose on the Subject Property.

Defendants now move to dismiss Plaintiff's federal complaint, asserting, *inter alia*, that the entire suit should be heard in state court.

### II. LEGAL STANDARD

The Supreme Court has observed that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). As such, a federal court appropriately may abstain from an action for declaratory relief where "parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, 115 S. Ct. 2137 (1995) (applying a more lenient standard for abstention when only a claim for declaratory relief is sought in federal court).

In deciding whether to exercise jurisdiction in such cases, the Supreme Court has counseled district courts to:

> ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether

---

consider items of which it can take judicial notice without converting the motion to dismiss to one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Additionally, a court may take judicial notice of "'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under this standard, the Court may take judicial notice of Plaintiff's state court complaint. Defendants' Request for Judicial Notice is thus GRANTED with respect to this document.

> necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

*Brillhart*, 316 U.S. at 495.

In applying these factors, the Ninth Circuit has counseled that "the district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Government Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998). "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir.1991)).

### III. DISCUSSION

In light of the legal principles discussed above, dismissal of Plaintiffs' federal action is warranted. In this case, Plaintiff filed his state complaint almost a month before filing the instant federal action. Plaintiffs' state complaint relies on factual allegations nearly identical to those advanced in his federal complaint and seeks overlapping relief. Indeed, Plaintiff's own description of the two suits reveals just how redundant federal litigation would be. As explained by Plaintiff in his Opposition, "[t]he [state] action to quiet title sought to resolve opposing claims. ReconTrust affirmatively claims they possess the power of sale to dispossess Plaintiff of the Subject Property resulting in a cloud on the subject property. Plaintiff disputes the claim and for that reason asked the court to resolve the dispute" Pl.'s Opp. at 3. Plaintiff then explains that he filed his federal complaint for the equivalent purpose of receiving "a declaration that the foreclosing entity was not entitled to payment because such entity did not possess the Promissory Note or was not the agent of the entity." *Id.* In other words, Plaintiff asks the federal court to answer a question he has already posed in state court: whether Defendants lack authority to foreclose on the Subject Property.

To allow both suits to proceed would encourage forum shopping and sanction duplicative litigation. *See Dizol*, 133 F.3d at 1225 (stating that "the district court ... should discourage litigants from filing declaratory actions as a means of forum shopping and it should avoid duplicative litigation."). Entertaining this suit also would embroil the federal courts in a "needless determination of state law issues." *Id.* In situations like this, "there is a presumption that the entire suit should be heard in state court." *Id.* Dismissal of Plaintiff's federal complaint, therefore, constitutes the appropriate course of action

**IV.     DISPOSITION**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED.  Plaintiffs' Complaint is hereby DISMISSED.

The Clerk shall serve this minute order on all parties to the action.